jar

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| PAMELA J. LASSEN,[1] ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, Commissioner of ) <br> Social Security,[2] ) <br> ) <br> **Defendant.** ) <br> ) | Case No. 06-4025-JAR |

**MEMORANDUM & ORDER**

Plaintiff has filed a motion (Doc. 18) for an award of attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the total amount of $9,638.17, for 59.55 hours of attorney time at $161.85 per hour. The defendant does not oppose an award of EAJA fees, but maintains that the number of hours billed, 59.55, is excessive. Although the EAJA allows for reimbursement of attorney fees and other expenses, those items must be "reasonable," pursuant to 28 U.S.C. § 2412(d)(2)(A), and the Court has a duty to make an independent evaluation of the reasonableness of counsel's bill.[3] Indeed, the amount of the

---

[1] Pamela J. Lassen, mother of decedent Jeromie Lassen, was substituted as the plaintiff in this matter pursuant to the Order for Substitution of Parties (Doc. 34) filed on August 1, 2007.

[2] In February 2007, Michael J. Astrue was sworn in as the new Commissioner of the Social Security Administration. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[3] *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

1

attorney's fee to be awarded is a decision that lies within the Court's discretion.[4]

Noting that plaintiff's counsel is quite experienced in the area of Social Security law[5] and has represented a number of claimants before this Court, the defendant challenges the reasonableness of the time billed for several tasks; defendant also challenges the total amount of the fee, as more than double the average EAJA fee awarded in this district fiscal year 2006. Defendant specifically challenges the reasonableness of 38.5 hours spent in preparation of the initial brief, including 24 hours writing the statement of facts. Acknowledging that the transcript is lengthy, 963 pages, defendant argues that the record contains no unique or unusual records and that much of the transcript is comprised of documents that are immaterial to the issues germane to this court's review of defendant's denial of plaintiff's benefits. This Court agrees. For example, plaintiff's counsel did not need to spend much if any time on review of 197 pages of administrative records, nor on review of 56 pages of medical records that predate by more than one year, plaintiff's alleged onset of disability. Furthermore, many pages are hospital records consisting of logs, lab reports and notes that are summarized, interpreted and encompassed in medical reports comprising much fewer pages.

Defendant further challenges the length of plaintiff's briefs, noting that this case presented matters no more complex than issues typically briefed in the United States Circuit Courts of Appeal. Yet, plaintiff's briefs in this case far exceed the page limits that plaintiff would be limited to in briefing before the circuit court. Plaintiff's brief was 64 pages, 34 pages

---

[4]*See Pierce v. Underwood*, 487 U.S. 552, 571 (1988).

[5]Plaintiff's counsel avers in his affidavit that he has handled approximately 1000 social security disability cases, including over 100 cases filed in federal court, as well as circuit level appeals, and that about 95 percent of his practice is devoted to such representation.

more than the circuit court's 30 page limit; and plaintiff's reply brief was 24 pages, exceeding the circuit court limit of 15 pages.

Plaintiff counters that this case is like *Myer v. Barnhart*,[6] wherein this Court allowed fees of $7.347.60, finding 48.3 hours not an unreasonable time to expend on the case. Yet, plaintiff ignores the distinct challenges presented in *Myer*. In that case, the ALJ made findings, supporting them with selective information in the record while ignoring other information. Counsel was called upon to catalogue, or at least identify and address, the materiality of much of this ignored information. That, needless to say, can be a time consuming project, culling through the record, looking for evidence the ALJ ignored or misstated.

In this case, however, counsel's project was more proscribed. Rather than culling through the entire record on a search for other evidence, counsel needed only to address discrete records that the ALJ misinterpreted or gave insufficient weight, such as the opinions of the examining physicians. And here, the ALJ wholly failed to discuss the opinions of the treating physicians. Counsel was not required to cull through the record to challenge the ALJ's interpretation or evaluation of the treating physicians' records, for the ALJ did not even mention the treating physicians' opinions. Moreover, as Magistrate Judge Reid's Report and Recommendation demonstrates,[7] other deficiencies in the ALJ's analysis were often apparent when the records the ALJ referred were viewed. For example, the ALJ would cite to one statement in a letter or record, but fail to mention other statements in that same letter or record. This case simply did not present a situation in which counsel needed to cull through the entire

---

[6]No. 04-4077-JAR, 2005 WL 3084898 (D. Kan. Nov. 3, 2005).

[7]Doc. 15.

record to show that the ALJ erred.

Furthermore, although the ALJ "gave controlling weight to his own medical evaluation of plaintiff's condition,"[8] counsel did not need to analyze the ALJ's medical evaluation in any great detail because it was quite apparent that the ALJ erred in not giving any weight to the treating physicians' opinions, and in failing to cite to any medical opinions supporting the ALJ's evaluation of plaintiff's condition. Moreover, even though the defendant argued that the ALJ's errors were harmless, this too did not require counsel to cull through the record to any great degree. Rather, the harmless error argument was based on the discrete opinions of two physicians, Drs. Frieman and Curtis.

Another distinction in this case, is that in *Myer* the government failed to support its arguments that *Myer* was a "straightforward" case deserving of no more fees than what is typically allowed. Here the government has supported its argument with statistical evidence regarding all EAJA fees awarded in this region in fiscal year 2006, including an accounting of the average fees. Candace Wienckowski, a Fiscal Management Analyst for the Social Security Administration avers that in fiscal year 2006, in Region VII, which is comprised of the District of Kansas and ten other federal districts, the average EAJA fee paid was $3,276.48.

The government has also pointed this Court to a number of EAJA decisions by judges in this district, providing a frame of reference for this Court to evaluate the reasonableness of time spent on particular items, as well as the total time expended in this case. Notably, in cases considered routine, judges in this district typically award no more than 40 hours of attorney

---

[8]Report and Recommendation (Doc.15 ) p. 17-18.

4

time.[9]  Defendant further cites to a Sixth Circuit decision that refers to a seven year in-house survey by Chief Judge Carl Rubin of the Southern District of Ohio, finding that the average number of hours asserted in an EAJA application was 37.3.[10]

Having conducted a thorough review of the statistical evidence, a comparative analysis of other EAJA awards that were justified in written decisions of judges of this court, and a comparative analysis of the issues in these various cases and how much review of the record would be required, this Court agrees that the EAJA request in this case is excessive and unreasonable.  Plaintiff's total request for 59.55 hours is unreasonable.  This case does not present the type of issues that require an extensive culling through the record; rather, it presents issues that merely require focusing on the records of treating and examining physicians.  This Court concludes that this is a routine case, requiring no more than 30 hours.  Thus, this Court will grant plaintiff's application for EAJA fees and supplemental request, for a total of 30 hours at $161.85 per hour, for a total amount of $4855.50.

**IT IS THEREFORE ORDERED THAT** plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act (Doc. 18) is **GRANTED in part**.

**IT IS FURTHER ORDERED THAT** plaintiff is awarded attorney fees in the amount of $4855.50.

**IT IS SO ORDERED**.

---

[9] See *Phillips v. Apfel*, No. 98-1455-JTM (D. Kan. Jan. 18, 2001)[Judge Marten reduced 57.60 hours to 36 hours]; *Keddie v. Callahan*, No. 94-1561-MLB, 1998 WL 401597 (D. Kan. May 19, 1998)[Judge Belot reduced hours from 25 to 20]; *Grimley v. Apfel*, No. 96-1102-MLB (D. Kan. Mar. 4, 1998)[Magistrate Judge Humphreys reduced 35.75 hours billed for a routine 38 page brief to 25.40 hours]; *Redick v. Chater*, No. 94-1156-FGT, 1996 WL 473822 (D. Kan. Aug. 14, 1996)[Judge Theis reduced 42 hours billed for brief preparation to 32 hours].

[10] *See Rodriguez v. Bowen*, 865 F.2d 739, 747 n.4 (6th Cir. 1989).

Dated this 14th day of September 2007.

                                            S/ Julie A. Robinson
                                            Julie A. Robinson
                                            United States District Judge